IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARMAIN SULLIVAN,

      Plaintiff,                   CIV NO. S-02-1702 GGH

   vs.

JO ANNE B. BARNHART,
Commissioner of
Social Security,                       ORDER

      Defendant.

_____/

      Counsel's motion for attorney's fees, filed September 8, 2004, is pending before the court.  Defendant filed on October 7, 2004 a response expressing no opinion.  Counsel requests attorney's fees in the amount of $7,031.50.  The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to proceed before a magistrate judge).

      Attorneys are entitled to fees for cases in which they successfully have represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of

1

1   this title, certify the amount of such fee for payment to such
2   attorney out of, and not in addition to, the amount of such past-due
    benefits.

3   42 U.S.C. § 406(b)(1).

4        Rather than being paid by the government, fees under the Social Security Act are

5   awarded out of the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th

6   Cir. 1991).  The Commissioner has standing to challenge the fee award.  Craig v. Secretary,

7   Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989).  The goal is to provide

8   adequate incentive for representing claimants while ensuring that the usually meager disability

9   benefits received are not greatly depleted.  Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

10        The 25 percent statutory maximum fee is not automatic.  The court also must

11   ensure that the fee request is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct.

12   1817, 1828 (2002) (reversing downward adjustment of attorney's fees based on lodestar

13   calculation).  The Gisbrecht court suggested that the claimant's lawyer should submit a record of

14   hours spent and a statement of the lawyer's normal hourly billing charge to assist the court in

15   concluding that the fee sought is reasonable.  Id.  The character of the representation (including

16   matters such as attorney caused delay), or the nature of the results achieved might, in a proper

17   case, justify downward adjustment from the statutory maximum fee.  Id.

18        Counsel has attached to his declaration a letter advising plaintiff that the Social

19   Security Administration is withholding 25% of plaintiff's past due benefits, or $7,031.50, to pay

20   attorney's fees.  Counsel requests a fee in the amount of $7,031.50.  Counsel has submitted a

21   copy of a standard social security case 25% contingency fee arrangement, together with a

22   statement documenting 15.75 hours expended on matters before this court.  The court finds the

23   amount of hours expended to be reasonable.  The requested fee divided by the hours expended

24   constitutes an hourly billing rate of approximately $ 446.00/hour.  While the hourly rate yielded

25   is substantial, the court finds $7,031.50 to be a reasonable fee in light of the contingency

26   \\\\\

2

1 arrangement between plaintiff and her counsel, the hours expended, the quality of counsel's

2 representation, the results achieved, and an offset for already awarded EAJA fees.

3          Accordingly, counsel's request for attorney's fees in the amount of $7,031.50 is

4 GRANTED.  Plaintiff has previously been awarded EAJA fees in the amount of $1,750.00.

5 Counsel is entitled to the greater of the two amounts awarded for legal work, and plaintiff to the

6 lesser amount.  28 U.S.C. § 2412; Gisbrecht, 122 S.Ct. at 1822.  Counsel accordingly is entitled

7 to receive an additional $5,281.50 from plaintiff's retroactive benefits.  The Commissioner is

8 directed to pay the fee forthwith and remit to plaintiff the remainder of her withheld benefits.

9 DATED: 6/21/05

                                        /s/ Gregory G. Hollows

10                              _____

11                              GREGORY G. HOLLOWS
                               UNITED STATES MAGISTRATE JUDGE

12 GGH:076
   Sullivan1702.fee.wpd